UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REYNA LIMA GAMEZ, ABDALLAHI
ABEIDNA, NELBY BARRIENTOS
QUINTERO, JOSE GONZALEZ JUAREZ,
EDWIN MEJIA MARTINEZ, JHON
PALOMINO COTRINA, YERLIN REYES
ANDRADES,

                    Petitioners,

        v.

JULIO HERNANDEZ, BRUCE SCOTT,
MARKWAYNE MULLIN, UNITED
STATES DEPARTMENT OF
HOMELAND SECURITY, PAMELA
BONDI,

                    Respondents.

CASE NO.  2:26-cv-01104-BAT

**ORDER GRANTING PETITION FOR HABEAS CORPUS AND DIRECTING RELEASE**

Petitioners Reyna Lima Gamez, Abdallahi Abeidna, Nelby Barrientos Quintero, Jose Gonzalez Juarez, Edwin Mejia Martinez, and Yerlin Reyes Andrades[1] are detained by Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center (NWIPC). They petition the Court under 28 U.S.C. § 2241 for an order (1) immediately releasing them

---

[1] A seventh petitioner, Jhon Palomino Cotrina, has voluntarily dismissed the petition for habeas corpus without prejudice. Dkt. 16.

ORDER GRANTING PETITION FOR
HABEAS CORPUS AND DIRECTING
RELEASE - 1

from detention during removal proceedings; (2) enjoining re-detention absent written notice and a hearing; (3) returning their personal property; (4) declaring their detention violates the Due Process Clause; (4) awarding attorney fees and costs; and (5) granting any further relief. Dkt. 1 (petition) at 34–35. For the foregoing reasons, the Court **GRANTS** the petition. Respondents must release Petitioners from custody within **TWENTY-FOUR HOURS** of filing of this Order and file a certification of release within **FORTY-EIGHT HOURS.**

**PROCEDURAL BACKGROUND**

Petitioners filed this habeas petition on April 1, 2026, alleging Respondents violated their due process rights by re-detaining them without pre-deprivation notice or a hearing. Dkt. 1. Respondents' return was filed April 15, 2026, and Petitioners filed a traverse April 20, 2026. Dkts. 12, 15. Petitioners are noncitizens who were initially detained after entering the United States without admission and then were released into the community, variously on an OREC, on bond, or on humanitarian parole[2]. *See* Dkt. 1. While released, Petitioners resided in the United States for periods ranging from two years to several years and pursued protection claims. With one exception (Yerlin Reyes Andrade), Petitioners accrued no criminal convictions while residing in the United States. Each Petitioner was later re-detained by immigration officials. It is undisputed their re-detention occurred without advance notice or an opportunity to contest the basis for re-detention. *See* Dkt. 1. Petitioners contend their re-detention without notice or an opportunity to contest the basis for custody violated their Fifth Amendment due process rights. Dkt. 1.

---

[2] As explained below, though the government asserts Petitioner Lima Gamez was released on OREC, her A-file contains a notice indicating release on humanitarian parole.

ORDER GRANTING PETITION FOR
HABEAS CORPUS AND DIRECTING
RELEASE - 2

**DISCUSSION**

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain habeas relief, habeas petitioners have the burden of demonstrating there is no lawful basis for their detention by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 8 U.S.C. § 2241(c).

**I.    Due Process**

Petitioners contend their re-detentions each violated the Due Process Clause of the Fifth Amendment. Due process rights extend "to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Petitioners are protected by the Due Process Clause.

The Court evaluates Petitioner's due process claim under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which the parties agree applies.[3] The Court assesses (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguard" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319 at 335.

---

[3] Although both parties discuss *Mathews v. Eldridge*, the Court notes Respondents' return brief does not address the factors of the *Mathews* test as to any of the six petitioners.

ORDER GRANTING PETITION FOR
HABEAS CORPUS AND DIRECTING
RELEASE - 3

### A.   Petitioner Reyna Lima Gamez

Petitioner Lima Gamez fled Nicaragua and sought asylum in the United States in November 2022. Dkt. 1 at ¶ 30. She settled in Miami with her two children and lived there for three years before being detained, found work cleaning houses, joined a local church, and volunteered at her son's daycare. *Id.* at ¶ 32. Petitioner was charged with battery as domestic violence on September 25, 2025 and held in custody until she was detained by ICE in November 2025. *See* Dkt. 1 at ¶ 36; Dkt. 13 at ¶ 7. The criminal charge was dismissed on November 10, 2025, before ICE detained her. Dkt. 1 at ¶ 35.

Although the government asserts Petitioner Lima Gamez was released on OREC, her A-file appears to include no OREC but instead a notice reflecting release on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5). *See* Dkt. 14-2. If that is so, she would be subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1). *See N.I. v. Hermosillo*, No. 2:26-CV-00592-BAT, 2026 WL 770038, at *2 (W.D. Wash. Mar. 18, 2026).

Petitioner's liberty interest is substantial especially given the extended period of release which involved building family and community ties. If indeed she is subject to mandatory detention under § 1225, that does not eliminate her liberty interest. *Id.*; *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. Nov. 25, 2025). The notice suggests her parole expired years ago on January 13, 2023, but her liberty interest "did not expire along with [her] parole agreement." *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098, 1099–110 (E.D. Cal. 2025) (collecting cases finding petitioners whose humanitarian parole had expired retained a liberty interest).

The Court also finds the risk of erroneous deprivation of liberty is high. Although ICE detained Petitioner Lima Gamez after she was arrested and charged with battery as domestic

ORDER GRANTING PETITION FOR
HABEAS CORPUS AND DIRECTING
RELEASE - 4

violence, at the time she was detained, the charge had been dismissed. *Gomez Candelo v. Noem*, No. 2:26-CV-00576-JNW, 2026 WL 879049, at *3 (W.D. Wash. Mar. 31, 2026) ("[A] single arrest—one that resulted in the charge being dismissed by the State—does not exempt the Government from its constitutional obligations.") The government does not assert a justification for the detention but concedes no pre-deprivation hearing occurred and concedes the Court would likely find a pre-deprivation hearing required given prior case law from this District

The Court also finds the government's interest is low compared to the serious risk of erroneous deprivation. Prior to the initial grant of humanitarian parole, regulations required the government to conclude Petitioner Lima Gamez "present[ed] neither a security risk nor a risk of absconding." 8 C.F.R. § 212.5(b). Respondents do not argue Petitioner's sole criminal charge, which was dismissed, materially changes that finding, and there is no record of noncompliance with the conditions of release which would suggest the public has an interest in Petitioner's civil detention at this point.

Thus, Petitioner Lima Gamez was detained in violation of due process and is entitled to immediate release.

**B.      Petitioner Abdallahi Abeidna**

Petitioner Abeidna is a citizen of Mauritania who entered the United States on August 30, 2024. Dkt. 1 at ¶ 43. He was briefly detained and released on OREC and settled in New York City. *Id.* at ¶ 44. There is no dispute he complied with all requirements of his order of release, and no dispute he has no criminal history. *Id.*; Dkt. 13 at ¶ 12. He applied for asylum in September 2024 and was issued an employment authorization document. He was detained November 24, 2025. He was arrested at a regularly scheduled check-in with ICE.

ORDER GRANTING PETITION FOR
HABEAS CORPUS AND DIRECTING
RELEASE - 5

The government has not asserted any justification for his re-detention, concedes he would be entitled to a pre-deprivation hearing under this Court's prior case law, and does not present any individualized argument regarding his circumstances. Dkt. 12 at 11–12; Dkt. 13 at ¶ 12 (government states only that Petitioner "was taken into custody pending the completion of proceedings"); Dkt. 14-4 (form I-213 does not list a reason for re-detention). Petitioner retains a substantial liberty interest, the risk of erroneous deprivation of liberty is extremely high, and no interest in continued civil detention can outweigh the liberty interest. Petitioner Abeidna shall be immediately released.

### C.    Petitioner Nelby Barrientos Quintero

Petitioner Barrientos Quintero, a citizen of Venezuela, entered the United States and encountered customs officials on April 30, 2022 was detained overnight and released on an OREC. Dkt. 13 at ¶ 17; Dkt. 1 at ¶ 52. Petitioner lived here for over three years with her daughter and married a U.S. citizen. *Id.* at ¶¶ 52, 57. The government contends release was revoked because she incurred thirteen OREC violations during 2025, but does not elaborate on those violations or provide supporting documentation. Dkt. 12 at 6–7. Petitioner's declaration includes a detailed and lengthy account of her compliance with the conditions of release. *See* Dkt. 4. She contends she complied with monthly in-person or video call home visits with her case managers for both ICE and ISAP and never missed a virtual check-in or home visit. Dkt. 1 at ¶¶ 55, 59. She further contends she notified authorities when she changed her address, hired an immigration attorney, received employment authorization, was granted temporary protected status, married, and when her husband filed an I-130 immigrant visa petition for her in January 2025. *Id.* at ¶ 57.  On February 9, 2026, she was re-detained after reporting to the Yakima ICE field office. She asserts that upon her arrest, officials refused to explain how she had violated the

ORDER GRANTING PETITION FOR
HABEAS CORPUS AND DIRECTING
RELEASE - 6

terms of her parole. The government does not dispute she has no criminal history and no contact with police. *Id.* at ¶ 63. On March 30, 2026, an immigration judge denied Petitioner's asylum application and ordered her removed to Venezuela; she has reserved appeal. Dkt. 13 at ¶ 21.

Respondents concede under the Court's prior case law, Petitioner was entitled to a pre-deprivation hearing, and concede it did not occur. Together with the government's apparent refusal to explain the basis for Petitioner's re-detention upon her arrest, Respondents' vague declaration unsupported by DHS records or other documentary evidence reinforces the high risk of erroneous deprivation of liberty. *P.T. v. Hermosillo*, No. C25-2249-KKE, 2025 WL 3294988 (W.D. Wash. Nov. 26, 2025) ("The Court finds no reason to assume the accuracy of the Government's records of Petitioner's ATD violations, or to assume that they alone justify detention . . . but any factual dispute about the validity of the violations should have been resolved at a pre-deprivation hearing.") Moreover, the government's interest in continued civil detention is low where Petitioner has no criminal history. Accordingly, Petitioner is entitled to immediate release.

### D.    Petitioner Jose Gonzalez Juarez

Petitioner Gonzalez Juarez entered the United States from Mexico on February 14, 2024. Dkt. 1 at ¶ 69. He was released on an OREC, settled in Yakima with his wife and four children, and lived there for over a year. Respondents' asserted justification for his re-detention is (1) "[o]n March 11, 2025, Petitioner 4 violated a reporting condition contained within the order [of release]" and (2) "[o]n December 29, 2025, ICE received a report from an individual indicating Petitioner 4 posed an ongoing safety risk and was engaging in behavior that, if reported to police, would constitute a crime." Dkt. 13 at ¶¶ 27–28. Petitioner alleges no criminal history. Dkt. 1 at ¶ 74. Petitioner also provides a detailed explanation for the asserted violation of reporting

ORDER GRANTING PETITION FOR
HABEAS CORPUS AND DIRECTING
RELEASE - 7

condition, explaining he was temporarily absent from the home when the ISAP officer arrived because he had to step in to drive his children to school when his wife was otherwise occupied; he explains the home visit was completed later that day and the officer told him it was not a problem. *Id.* at ¶ 72.

Respondents assert ICE "received a report" of activity "that, if reported to police, would constitute a crime," which is multiple layers of hearsay and is inadmissible. *M.Z.H. v. Hermosillo*, No. C25-2523-KKE, 2025 WL 3718655, at *4 (W.D. Wash. Dec. 23, 2025); *S-M-J v. Bostock*, No. 6:25-cv-01425-MTK, 2025 WL 3137296, at *3–4 (D. Or. Nov. 10, 2025). Respondents concede as Petitioner was released on OREC this Court would likely find he was entitled to a pre-deprivation hearing given prior case law and concede he did not receive one. Thus, the Court finds Petitioner possesses a liberty interest, that the risk of erroneous deprivation of his liberty is high given the revocation of his OREC without a pre-deprivation hearing, and that the government's interest in civil detention without a hearing is low. Petitioner concludes shall be immediately released.

### E.    Petitioner Edwin Mejia Martinez

Petitioner Mejia Martinez fled El Salvador and entered the United States on March 23, 2016. Dkt. 1 at ¶ 84. After he passed a credible fear interview, DHS released Petitioner on a $12,000 bond with instructions to file for asylum and update his address if he moved and no other reporting requirements. *Id.* at ¶ 85. Petitioner filed an asylum application in March 2017. *Id.* at ¶ 86. On May 9, 2022, Petitioner's removal proceedings were dismissed. Dkt. 13 at ¶ 35. He has lived in Seattle with his family since 2018. *Id.* at ¶¶ 84, 86, 89. On February 23, 2026, an immigration judge denied bond for lack of jurisdiction and found in the alternative that bond should be denied due to flight risk. Dkt. 13 at ¶ 37.

ORDER GRANTING PETITION FOR
HABEAS CORPUS AND DIRECTING
RELEASE - 8

Respondents argue since Petitioner Mejia Martinez's removal proceedings were dismissed, upon re-arrest he was entitled to no more process than a noncitizen would be entitled to upon initial detention. Dkt. 12 at 10. As detention is mandatory under § 1225(b), they argue, he was not entitled to a hearing upon arrest.

The Court disagrees. First, Petitioner is detained under § 1226(a). The contention that he is detained under § 1225(b) is "inconsistent with the jurisprudence of this district." *Banegas v. Hermosillo*, No. C26-0499 TSZ, 2026 WL 586234, at *1 (W.D. Wash. Mar. 2, 2026) (classifying a petitioner under § 1226(a) who had been released without restrictions and re-detained absent active removal proceedings); *S.K. v. Hermosillo*, No. 2:26-CV-00789-TLF, 2026 WL 936458, at *2–3 (W.D. Wash. Apr. 7, 2026) (same); *Corado v. Bondi*, No. C26-1081-MLP, 2026 WL 1113386, at *2–4 (W.D. Wash. Apr. 24, 2026). Where petitioner is "'treated by Respondents as subject to detention under § 1226, rather than mandatory detention under § 1225,' the former is more likely to apply." *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025) (quoting *Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at *8 (W.D. Wash. Aug. 19, 2025). Petitioner's Notice to Appear states he is "present in the United States without being admitted or paroled," and does not classify him as an "arriving alien." *See* Dkt. 14-14.

Second, having lived in the country for a decade after being released, Petitioner has a liberty interest. Respondents have advanced no individualized reason for his detention. He has no criminal history. The Court finds little sense in the proposition that, merely because the government dismissed removal proceedings against Petitioner and released him with no restrictions, he is less entitled to procedural protections than would be a petitioner who remains in active removal proceedings and is subject to conditional release. As Petitioner correctly points

ORDER GRANTING PETITION FOR
HABEAS CORPUS AND DIRECTING
RELEASE - 9

out, "Respondents' theory would permit DHS to erase any noncitizen's liberty interest and due process protections by moving to dismiss their prior proceedings, *see* 8 C.F.R. § 239.2(a), (c), and filing a new Notice to Appear." Dkt. 15 at 6. In opposition, the government cites only *Garcia Gabriel v. Hermosillo*, No. 2:25-cv-02594-DGE-GJL, 2026 WL 194233, at *3 (W.D. Wash. Jan. 26, 2026), which this Court has previously declined to follow, *see Diaz Aguilar v. Hermosillo et al.*, No. 2:26-cv-00537-BAT, Dkt. 11 (Mar. 13, 2026), and which involved a Fourth Amendment claim not present here and therefore relied on a Ninth Circuit case not applicable here.

Respondents further argue the immigration judge denied bond for lack of jurisdiction and in the alternative found Petitioner a flight risk, and to the extent Petitioner challenges the immigration judge's finding he should be required to exhaust administrative remedies. In the immigration habeas context, administrative exhaustion is prudential, not jurisdictional. *Vasquez Lopez v. Hernandez*, No. C26-0775 TSZ, 2026 WL 984151 (W.D. Wash. Apr. 13, 2026). Here the facts are undisputed and the only issue is whether, as a matter of law, the undisputed evidence establishes Petitioner poses a flight risk. Moreover, "[w]here the issue is whether procedural due process was violated, the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error." *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764 (W.D. Wash. Apr. 10, 2026). Thus, the Court exercises its discretion to waive prudential exhaustion.

Respondents also argue the immigration judge's alternative finding that Petitioner is a flight risk is a separate basis for the legality of his custody. Dkt. 12 at 11. The order of the immigration judge in the record does not include any reasoning as the basis for the decision. *See* Dkt. 14-15 (box checked for "Flight Risk" without explanation). Federal district courts have

ORDER GRANTING PETITION FOR
HABEAS CORPUS AND DIRECTING
RELEASE - 10

habeas jurisdiction to review bond hearing determinations for constitutional claims and legal error. *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011). As explained above, the immigration judge committed legal error in finding no jurisdiction because Petitioner is held under § 1225(b). Additionally, in making a bond decision under § 1226(a), an IJ must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *In re Patel*, 15 I. & N. Dec. 666 (B.I.A. 1976)). The record contains no indication the immigration judge considered any of these factors. Indeed, the record does not reflect any reason Petitioner would be considered a flight risk, and Respondents advance no reason the immigration judge might have considered. Petitioner has lived in this country since 2016 with his parents, siblings, wife and two children, working in landscaping and paying his taxes, and for much of that time has stayed in Seattle. Dkt. 1 at ¶¶ 84–89. Petitioner asserts he has no criminal history, which Respondents do not dispute. *Id.* at ¶ 90. The government also has not provided a contemporaneous recording of the bond hearing as the Ninth Circuit has held due process requires. *Singh*, 638 F.3d 1196 at 1208; *see WTM v. Bondi et al.*, No. 2:25-cv-02428-RAJ-BAT, Dkt. 15, at 5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, 2026 WL 262583 (W.D. Wash. Jan. 30, 2026). The absence of a contemporaneous record makes it impossible for the reviewing court to determine whether the immigration judge committed legal or constitutional error.

The Court thus finds due process requires Petitioner's immediate release.

### F.     Petitioner Yerlin Reyes Andrade

Petitioner Reyes Andrade fled Nicaragua in November 2021 and was briefly detained and released on OREC with conditions including a reporting condition and a condition not to violate the law. Dkt. 1 at ¶ 111; Dkt. 13 at ¶ 48. Petitioner states he complied with his reporting

ORDER GRANTING PETITION FOR
HABEAS CORPUS AND DIRECTING
RELEASE - 11

requirements and that he never missed a scheduled check-in appointment with ICE. Dkt. 1 at ¶¶ 113, 117. He was arrested in August 2022 for driving under the influence and convicted on July 5, 2024. *Id.* at ¶ 115; Dkt. 13 at ¶ 50. He was arrested in October 2022 for driving under the influence and driving with a suspended license; that charge was dismissed. Dkt. 1 at ¶ 116; Dkt. 13 at ¶ 50. He was arrested in May 2024 for vehicle trespassing; that charge was dismissed. Dkt. 1 at ¶ 116; Dkt. 13 at ¶ 50. ICE re-detained him at a scheduled check-in on January 26, 2026; he was told the arrest was due to "changes in the law" and because of his conviction. Dkt. 1 at ¶ 118. On March 30, 2026, an immigration judge denied all relief and ordered Petitioner removed to Nicaragua; Petitioner reserved appeal. Dkt. 13 at ¶ 51. The declaration of ICE officer Enrique Rodriguez states Petitioner's OREC was cancelled for violations of conditions including failure to report and the preceding arrests and convictions. Dkt. 13 at ¶ 50.

Petitioner's liberty interest was strong when released on OREC, and he reasonably relied on that liberty interest while living in the United States for over four years. To be sure, his liberty interest was diminished when he violated the terms of his OREC with the conduct resulting in a criminal conviction. *Geler v. Blanche et al.*, No. 2:26-CV-00481-LK, 2026 WL 1251660 (W.D. Wash. May 7, 2026). However, the criminal conviction occurred approximately 1.5 years before his re-detention, and the record reflects no arrests since then; Petitioner asserts he completed many ICE check-ins without being arrested or detained since then. Dkt. 15 at 7 n.5. Indeed, Respondents' brief does not argue ICE lawfully revoked Petitioner's release because of his criminal conviction, that circumstances materially changed justifying Petitioner's detention, or that Petitioner's conviction led to an individualized determination that Petitioner was a danger to the community or a flight risk. Instead, Respondents state that courts in this District have found that petitioners released on OREC, like Petitioner Reyes Andrade, were entitled to hearings prior

ORDER GRANTING PETITION FOR
HABEAS CORPUS AND DIRECTING
RELEASE - 12

to the revocation of release, concede Petitioner was not provided notice or a pre-deprivation hearing, and acknowledge that the Court would likely find the same true here. Dkt. 12 at 11–12. The Court finds the risk of erroneous deprivation high under these circumstances and the government's interest in continued detention low. *See K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at \*5 (W.D. Wash. Apr. 9, 2026) (ordering release of a petitioner who had incurred a misdemeanor conviction on due process grounds). Petitioner is entitled to immediate release.

## II.    Permanent Injunction

Petitioners request this Court permanently enjoin their re-detention during their removal proceedings absent written notice and a hearing prior to re-detention at which Respondents must prove by clear and convincing evidence that each petitioner is a flight risk or danger to the community and that no alternatives to detention would mitigate those risks. Dkt. 1 at 35.

A party "seeking a permanent injunction must demonstrate (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Petitioners have unquestionably suffered irreparable injury by being detained for months in violation of due process. "It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Ortiz v. Hermosillo*, No. 2:26-CV-00384-TL, 2026 WL 607672, at \*6 (W.D. Wash. Mar. 4, 2026) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017)). And monetary damages would be inadequate to compensate for a

ORDER GRANTING PETITION FOR
HABEAS CORPUS AND DIRECTING
RELEASE - 13

threatened future loss of liberty, as much as for the present loss of liberty. Finally, Petitioners have demonstrated the final two factors (which merge when the government is the opposing party) are satisfied: there is no disservice to the public and no undue hardship created by requiring the government to adhere to constitutional procedures, and the cost of a pre-deprivation hearing is outweighed by the substantial liberty interests at stake.

Respondents argue the request for injunctive relief is based on speculation of the circumstances of future re-detention and does not account for the need for detention if a petitioner committed a violent crime or became subject to a removal order. Dkt. 12 at 2–3. The Court agrees with Petitioners that the request is certainly not speculative: "Respondents have given no indication that they intend to stop indiscriminately re-detaining previously released persons without prior notice and opportunity to be heard, despite the voluminous caselaw in this district repeatedly declaring such arrests unlawful." Dkt. 15 at 9. Indeed, Respondents concede they are aware of this Court's prior case law declaring arrests unlawful under substantially similar circumstances. The Court concludes the eBay factors are satisfied and a permanent injunction is warranted. At that hearing, it is appropriate to require the government to justify re-detention by clear and convincing evidence, given the violation of Petitioners' due process rights and the risk of erroneous deprivation of liberty.

## CONCLUSION

1.    The petition for writ of habeas corpus is **GRANTED**. Dkt. 1.

2.    Respondents shall **RELEASE** all Petitioners within **24 HOURS** of entry of this order; return to them any personal property upon release, including personal identification documents (other than a passport) and employment authorization documents; and file a status report certifying they have been released within **48 HOURS** of entry of this order.

ORDER GRANTING PETITION FOR
HABEAS CORPUS AND DIRECTING
RELEASE - 14

3.      Respondents are **PROHIBITED** from re-detaining Petitioners without adequate notice of intent to re-detain them and the grounds for re-detention, as well as a pre-deprivation hearing before a neutral decisionmaker at which the government bears the burden of proving by clear and convincing evidence that each Petitioner is a flight risk or danger to the community. This prohibition does not apply to mandatory detention under 8 U.S.C. § 1226(c).

4.      Petitioners may file a motion for an award of fees and expenses under the Equal Access to Justice Act within the time required by statute.

DATED this 18th day of May, 2026.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PETITION FOR
HABEAS CORPUS AND DIRECTING
RELEASE - 15